J-A03015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARL WILLIAM SMITH | : | |
| | : | |
| Appellant | : | No. 1416 WDA 2022 |

Appeal from the PCRA Order Entered November 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014030-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARL WILLIAM SMITH | : | |
| | : | |
| Appellant | : | No. 1417 WDA 2022 |

Appeal from the PCRA Order Entered November 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006401-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CARL WILLIAM SMITH, IV | : | |
| | : | |
| Appellant | : | No. 1418 WDA 2022 |

Appeal from the PCRA Order Entered November 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006402-2018

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: March 1, 2024**

Carl William Smith, IV appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. In this Court, he asks us to remand the matter to the PCRA court for development of his claims that PCRA counsel rendered ineffective assistance of counsel. Since Appellant has established that remand is warranted pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), we vacate the order dismissing Appellant's PCRA petition and remand for proceedings consistent with this memorandum.

This Court detailed the factual history underpinning the above-captioned cases on direct appeal, which we need not recount here. **See Commonwealth v. Smith**, 253 A.3d 267, 2021 WL 1328568, at *1 (Pa.Super. 2021) (non-precedential decision). Suffice it to say, "Appellant was charged with twenty-four counts of sex-related offenses involving his young nieces by marriage, S.M. and her younger sister, K.M. Another six charges arose from Appellant's sexual misconduct with his childhood friend's young daughter, K.W." **Id**. At the conclusion of a consolidated jury trial, Appellant was convicted of rape of a child, involuntary deviate sexual intercourse with a person less than sixteen years of age, and unlawful contact with a minor as to S.M., indecent assault without consent with respect to K.M., and rape of a child and unlawful contact with a minor regarding K.W. The trial court imposed an aggregate term of imprisonment of forty and one-half years to eighty-one years.

On direct appeal to this Court, Appellant challenged the sufficiency and weight of the evidence, the trial court's denial of a motion for a mistrial premised upon a violation of **Brady v. Maryland**, 373 U.S. 83 (1963), and the discretionary aspects of his sentence. Finding no merit to any of these claims, we affirmed Appellant's judgments of sentence. On September 27, 2021, our Supreme Court denied his petition for allowance of appeal.

On April 19, 2022, Appellant timely filed *pro se* his first PCRA petition. The PCRA court appointed Charles Pass, Esquire, who filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing and advised him that he was no longer entitled to counsel. Appellant *pro se* filed a response asking the PCRA court to reconsider its Rule 907 notice, detailing the purported merits of the claims he wished to raise, and asking for new counsel and to appeal the court's decision if it still intended to dismiss his PCRA petition. The court denied Appellant's motion to reconsider, dismissed his PCRA petition, and appointed Corrie Woods, Esquire, to represent Appellant in the event of an appeal.

Appellant timely filed a notice of appeal at each of the above-listed trial court docket numbers. This Court consolidated the matters *sua sponte*. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied, raising for the first time the ineffectiveness of Attorney Pass

- 3 -

pursuant to **Bradley**. In response, the PCRA court issued a statement in lieu of opinion, noting that while Appellant properly raised his claims of ineffective assistance of PCRA counsel in his Rule 1925(b) statement, the court could provide no analysis of their merits because they had not been addressed in the PCRA court.

Seeking a remand to challenge the effective assistance of PCRA counsel, Appellant presents the following issues for our consideration:

> 1. Can [Appellant] make out a claim that initial PCRA counsel was ineffective in failing to investigate and present a claim that trial counsel was ineffective in his advice to [Appellant] in connection with the Commonwealth's guilty plea offers on remand?
>
> 2. Can [Appellant] make out a claim that initial PCRA counsel was ineffective in failing to investigate and present a claim that trial counsel was ineffective in failing to elicit significant evidence to impeach S.M.'s credibility on remand?
>
> 3. Can [Appellant] make out a claim that initial PCRA counsel was ineffective in failing to investigate and present a claim that trial counsel was ineffective in failing to elicit the introduction of K.M.'s messages contradicting her claims of abuse on remand?

Appellant's brief at 4.

We begin with the legal principles guiding our review. As with all appeals from PCRA orders, "our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." **Commonwealth v. Pridgen**, 305 A.3d 97, 101 (Pa.Super. 2023) (cleaned up). Appellant has invoked **Bradley** to request a remand to the PCRA court to litigate his claims that Attorney Pass

was ineffective in his stewardship of Appellant's PCRA petition. In **Bradley**, our Supreme Court "h[e]ld that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401 (cleaned up).

Here, the PCRA court did not formally grant Attorney Pass leave to withdraw, despite telling Appellant in its Rule 907 notice that he was no longer entitled to counsel. Moreover, in light of the procedural history that followed, which we detailed hereinabove, we conclude that Appellant properly raised his claims of ineffective assistance of PCRA counsel at the first opportunity to do so, *i.e.*, in his Rule 1925(b) statement, which was filed by new counsel, Attorney Woods.

While Appellant properly raised these claims, this Court recently reiterated that "**Bradley** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an absolute right to remand for development of those claims."[1] **Commonwealth v. Lawrence**, ___ A.3d ___, 2024 WL 221021, at *2 (Pa.Super. Jan. 22, 2024). Rather, when this Court is presented with **Bradley** claims, we

---

[1] Additionally, we recently clarified that "to demonstrate the propriety of a remand[,]" an appellant must "explain. . . to this Court how further development of the factual record would satisfy all three prongs of [the ineffectiveness] test as to each of prior PCRA counsel's alleged failings." **Commonwealth v. Lawrence**, ___ A.3d ___, 2024 WL 221021, at *3 (Pa.Super. Jan. 22, 2024). Although Appellant's brief predated our issuance of **Lawrence**, Appellant has complied with this standard.

determine whether remand is appropriate pursuant to the following guidelines:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022) (cleaned up).

In his brief, Appellant sets forth that there are material facts at issue and that, in reviewing all three prongs of the ineffectiveness test for each layered claim of ineffectiveness levied against Attorney Pass, relief is not unavailable as a matter of law. *See* Appellant's brief at 13-31. Thus, we conclude that Appellant has "provide[d] more than mere boilerplate assertions of PCRA counsel's ineffectiveness" and instead has demonstrated that "there are material facts at issue concerning claims challenging counsel's stewardship[.]" *Parrish*, 273 A.3d at 1002 (cleaned up). Since "relief is not plainly unavailable as a matter of law," we agree with Appellant that remand is warranted in this case. *Id*. (cleaned up).

Based on the foregoing, we vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to consider the within claims of ineffective assistance of PCRA counsel.

- 6 -

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/1/2024