J-S07011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MARIO PRIDGEN | : | |
| | : | |
| Appellant | : | No. 989 MDA 2023 |

Appeal from the Order Entered June 2, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003471-1992

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: MARCH 26, 2024**

James Mario Pridgen appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lancaster County, dismissing his motion for correction or modification of the record pursuant to Pa.R.A.P. 1926.  We affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A request to correct or modify a record pursuant to Pa.R.A.P. 1926 is a vehicle used to supplement the certified record on appeal when there are material omissions or errors in the record.  **See infra**, at 4-7.  Instantly, Pridgen filed the underlying motion to correct/modify the record in the trial court at our Court's suggestion.  **See** Order (78 MDA 2023), 5/17/23 ("[T]he application is hereby **DENIED** without prejudice to seek relief in the trial court.") (emphasis in original); **see also** James Mario Pridgen's Letter to Trial Court Clerk of Courts, 5/31/23 ("I have complied with the Superior Court's [5/17/23] Order [and o]n May 20, 2023, I mailed out a Motion [f]or Correction [o]r Modification [o]f [t]he Record[.]").  Pridgen's motion was filed in the trial court in conjunction with his at-the-time pending appeal in 78 MDA 2023.  Since our Court has issued its final decision in that matter, **see Commonwealth v. Pridgen**, 305 A.3d 97 (Pa. Super. 2023), Pridgen has no
*(Footnote Continued Next Page)*

Pridgen is serving a sentence of life imprisonment without the possibility of parole for committing first-degree murder in 1992. In the years since his conviction and sentencing, Pridgen exhausted his direct appeal rights and filed serial petitions under the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. Most recently, on December 22, 2021, Pridgen filed a *pro se* PCRA petition; PCRA counsel was appointed. After the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Pridgen's petition without a hearing, PCRA counsel was permitted to withdraw and Pridgen filed a *pro se* response to the trial court's Rule 907 notice. On December 27, 2022, the court dismissed Pridgen's petition without a hearing. On January 9, 2023, Pridgen filed a *pro se* notice of appeal to this Court from the denial of his PCRA petition; that appeal was docketed at 78 MDA 2023. On January 23, 2023, while his appeal at 78 MDA 2023 was pending, Pridgen filed a motion to correct the record in the trial court raising several alleged inaccuracies in the trial

---

other means of challenging the trial court's denial of that motion. Ideally, Pridgen should have been permitted to argue the court's failure to correct the record, along with his other appellate issues, in his brief at 78 MDA 2023. Thus, we find that a breakdown in court processes has occurred and decline to quash the appeal. *See Commonwealth v. Patterson*, 940 A.3d 493 (Pa. Super. 2007) (recognizing power of courts to grant relief in cases of fraud or breakdown in court operations). *See also* Order (989 MDA 2023), 12/14/23 (order discharging rule to show cause as to why appeal should not be quashed; referring issue to merits panel).

court docket with respect to his PCRA proceedings. **See** Pa.R.A.P. 1926(b)(1). On January 25, 2023, the trial court denied the motion.[2]

On May 11, 2023, at 78 MDA 2023, Pridgen filed a "Motion for Correction or Modification of Record" in this Court, alleging discrepancies between the filings in the record inventory list and those filings in the certified record.[3] On May 17, 2023, this Court denied Pridgen's motion, without prejudice to his right to seek relief in the trial court, citing Pa.R.A.P. 1926(b)(2). In compliance with our Court's suggestion, on May 25, 2023, Pridgen filed a "Motion for Correction or Modification of the Record" in the trial court,[4] again requesting the correction of errors in the record inventory list as it related to filings in the certified record. Notably, at the top of this motion, Pridgen lists "78 MDA 2023" as the relevant appellate court docket number. **See** Motion

---

[2] On February 16, 2023, Pridgen filed a motion in this Court to order the trial court to provide him with legal correspondence. On February 17, 2023, our Court denied Pridgen's motion. On May 1, 2023, Pridgen filed a motion to compel asking this Court to order the trial court to provide him with a copy of the inventory list to review. **See** Pa.R.A.P. 1931(d). On May 3, 2023, our Court entered an order granting Pridgen's motion to compel and directing our Court's Prothonotary to provide him a copy of the record inventory list.

[3] Specifically, Pridgen alleged the following errors, omissions, and corrections with respect to the entries on the inventory list: no numbers listing other motions attached to his Rule 907 response (omission); entry of order denying his "Amended/Petition for Post Conviction Collateral Relief petition" is incorrect because he never filed an amended petition (correction); court never provided him order requiring him to file a Rule 1925(b) statement (error); and, court never provided him "Late Letter" with respect to Rule 1925(b) statement (error). **See** Motion for Correction or Modification of Record, 5/11/23, at 1.

[4] The trial court incorrectly docketed the motion as a "Motion for Modification of Sentence."

- 3 -

for Correction or Modification of the Record, 5/25/23, at 1. The trial court denied the motion on June 2, 2023. On June 5, 2023, Pridgen filed a *pro se* "Motion to Compel a Response to Defendant's Motion for Correction or Modification of the Record," in this Court, arguing that the Commonwealth had failed to acknowledge his motion to correct the record and alleging that "[t]he record before the Superior Court must be corrected or modified before [its] decision." **See** Motion to Compel Response, 6/5/23. On June 13, 2023, our Court "denied the motion as moot in light of this Court's May 17, 2023, [o]rder" denying Pridgen's motion to correct the record.

On July 10, 2023, Pridgen filed a *pro se* notice of appeal from the trial court's June 2, 2023 order denying his motion to correct the record; that appeal was docketed at 989 MDA 2023—the instant appellate court docket number.[5] Although the trial court did not order him to do so, Pridgen filed a *pro se* Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Rule 1925(b) statement states:

> Appellant contends that[,] in light of the evidence provided with his [m]otion for the correction or modification of the record[, he] clearly demonstrated that [he] was not provided any order for a [Rule] 1925(b) statement from the Clerk of Courts, and the record[] demonstrates that there was no amended PCRA petition filed . . . for the Clerk of Courts to [d]ocket as being denied. There

---

[5] Although Pridgen's notice of appeal appears to be untimely filed, the trial court docket indicates that the order from which Pridgen appeals was only served on the Commonwealth attorneys and there is no indication that the order was ever served on Pridgen. Therefore, we may treat the appeal as being timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) (where *pro se* appeal was facially untimely, our Court declined to quash appeal because trial court docket did not indicate service on party or date of service).

was no litigation regarding the Clerk of Courts['] failure to docket the various motions that were provided with [Pridgen's Rule] 907 response of September 27, 2022.

Pa.R.A.P. 1925(b) Statement (989 MDA 2023), 7/27/23. On appeal, Pridgen raises the following issue for our consideration: "Whether the trial court's conclusion is manifestly unreasonable [and], therefore[,] an abuse of discretion[?]" Appellant's Brief, at 2.

Pennsylvania Rule of Appellate Procedure 1926 states:

(a) If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth.

**(b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident[,] or is misstated therein, the omission or misstatement may be corrected by the following means:**

**(1) by the trial court or the appellate court upon application** or on its own initiative **at any time**; **in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary**; or

(2) by the parties by stipulation filed in the trial court, in which case, if the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court clerk shall certify and transmit as a supplemental record the materials described in the stipulation.

(c) **The trial court clerk shall transmit any supplemental record required by this rule within 14 days of the order or stipulation that requires it.**

(d) All other questions as to the form and content of the record shall be presented to the appellate court.

Pa.R.A.P. 1926 (emphasis added).[6]

In **Commonwealth v. Luckett**, 260 A.3d 158 (Pa. Super. 2021) (Table),[7] our Court explained the purpose of Rule 1926 as follows:

> Rule 1926 provides a means to supplement the certified record **on appeal** when something **material** "is omitted from the record by error, breakdown in processes of the court, or accident[.]" Pa.R.A.P. 1926(b). The Rule is a tool used to correct clerical errors, supplementing the record with transcripts, trial court opinions, or other documents that should have been certified for our review but were mistakenly omitted. **See**, **e.g.**, **Commonwealth v. McDonald**, []428 A.2d 174 (Pa. Super.

_____

[6] As a general rule, trial courts lose jurisdiction over a case once an appeal is taken from a final order or, if no appeal is taken, after thirty days elapse following the entry of a final order. **Commonwealth v. Robinson**, 837 A.2d 1157 (Pa. 2003); **see also** 42 Pa.C.S.A. § 5505 (trial courts do not have power to modify order after 30 days from date of entry if no appeal from order taken); **see also** Pa.R.A.P. 1701(a) ("after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter"). However, trial courts do have the power "to modify a sentence in order **to amend records, to correct mistakes** of court officers or counsel's inadvertencies, **or to supply defects or omissions in the record**[.]" **Commonwealth v. Quinlan**, 639 A.2d 1235, 1239 (Pa. Super. 1994) (citation omitted) (emphasis added). Thus, we find that the trial court **did** have jurisdiction to correct the record, to the extent of any mistakes or omissions that needed to be rectified, despite the fact that an appeal was pending. This conclusion is particularly supported by the language of Rule 1926 that "[i]f anything material to a party is omitted from the record . . . or is misstated therein, the omission or misstatement may be corrected . . . by the trial court **at any time**." **See** Pa.R.A.P. 1926(b)(1); Order (211 WDA 2013), 7/29/13 (Superior Court order denying, without prejudice, defendant's motion to modify and correct record where appellant has "right to again seek supplementation of the record in the lower court as the lower court does have jurisdiction to correct the record in accordance with Pa.R.A.P. 1926"); **but see Commonwealth v. Wells**, 3137 EDA 2022 (Pa. Super. filed Nov. 2, 2023) (unpublished memorandum decision).

[7] **See** Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value).

1981) (admitting [] jury selection waiver [] erroneously excluded from [] certified record).

* * *

We use Rule 1926 to correct omissions from the certified record of documents filed in the court below, not to allow the parties to expand the record through the addition of new documents. **See In re F.C. III**, [] 2 A.3d 1201, 1212 (Pa. 2010) ([] appellate courts will not consider issues not presented to [] trial court).

**Id.** at n.8 (emphasis added). **See Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) ("As the explanatory comment to [Pa.R.A.P.] 1931 indicates, if counsel (or a party) discovers that anything **material** has been omitted from the certified record, the omission can be corrected pursuant to Rule [] 1926.") (emphasis added).[8]

---

[8] In **Commonwealth v. Montalvo**, 244 A.3d 359 (Pa. 2021), our Supreme Court explained that litigants have "procedures provided by our Rules of Criminal and Appellate Procedure for the correction of . . . errors" in the record. **Id.** at 370. Specifically, the Court references Pa.R.Crim.P. 115(C), a rule providing that "[**a**]**t any time before an appeal is taken**[,] the transcript may be corrected and the record may be corrected or modified, **in the same manner as provided by Rule**s 1922(c) and **1926 of the Pennsylvania Rule of Appellate Procedure.**" Pa.R.Crim.P. 115(C). Thus, it is evident that there are different rules employed to correct or modify records when a case is in the trial court versus in the appellate court while an appeal is pending. Rule 1926 was intended to "provide[] an appellant with the opportunity to eliminate potentially troublesome impediments **to appellate review by making necessary corrections or modifications to the record on appeal once the record is lodge with the appellate court.**" Pennsylvania Appellate Practice, Record, Darlington, McKeon, Schucker, Brown and Kirkpatrick, Volume 20A, § 1926:7, at 493 (2023-2024 ed.). **See also** Pa.R.Crim.P. 115, Comment ("Paragraph (C) provides a method for correcting transcripts and correcting or modifying the record before appeal by incorporating Pa.R.A.P. 1922(c) and Pa.R.A.P. 1926, **which otherwise apply only after an appeal has been taken**.") (emphasis added).

Pridgen contends that he filed the instant motion to correct the record in the trial court where there were "[o]missions, clerical errors, and [the] listing of an order that never transpired, and [the] documentation of orders, and [a] letter never provided to [him.]" Appellant's Brief, at 4. In particular, Pridgen asserts that "no orders for a [Pa.R.A.P. 1925(b)] concise statement [of errors complained of on appeal] w[ere] ever provided to him, nor the late letter." *Id.* at 6.

In the motion to correct/modify, Pridgen raised the following claims of error:

- No mention of the three motions he attached to his Rule 907 response;
- List #166[9] (order denying "Amended-Petition" for Post-Conviction-Relief) – no amended petition was ever filed;
- List #168 (Rule 1925(b) order) – trial court never sent order to him;
- List #179[10] ("Late Letter") – never sent to him

Pridgen's Motion to Correct/Modify Record, 5/25/23. Pridgen's contentions are directly related to his appeal at 78 MDA 2023—the collateral appeal of the trial court's December 27, 2023 order denying his PCRA petition. As we previously indicated, *see supra* at n.1, our Court decided that appeal on October 24, 2023.[11] *See Commonwealth v. Pridgen*, 305 A.3d 97 (Pa. Super. 2023). Accordingly, we conclude that since our Court was able to

---

[9] Pridgen incorrectly refers to this as docket entry #166, when, in fact, it is #165.

[10] Pridgen incorrectly refers to this as docket entry #178, when, in fact, it is #179.

[11] Notably, our Court's decision in 78 MDA 2023, was decided over four months *after* the trial court denied Pridgen's instant motion to correct/modify the record.

dispose of Pridgen's claims on their merits in his collateral appeal at 78 MDA 2023, any alleged mistakes or inaccuracies in the record were not material such as to require correction for purposes of appellate review pursuant to Rule 1926. *See Luckett*, *supra*; *B.D.G.*, *supra*.

Pridgen first contends that the record needed to be corrected because the court did not mention the three motions he attached to his Rule 907 response. In 78 MDA 2023, our Court acknowledged Pridgen had filed three *pro se* motions "asserting the same issues raised in his Rule 907 response." *Pridgen*, 305 A.3d at 101 n.3. Moreover, the panel concluded that the trial court should have addressed the claims Pridgen asserted in his response to the trial court's Rule 907 notice. *Id.* at 102. However, our Court ultimately concluded that Pridgen was not entitled to relief on those claims because his petition did not qualify for a timeliness exception. *Id.* Thus, we find no merit to this claim.

Moreover, Pridgen's claim that the court's docket entry at #166 must be corrected because it states "Order Denying **Amended**-Petition for Post Conviction Collateral Relief" and he did not file an amended petition, is likewise meritless. The order entered in the record dismissing Pridgen's PCRA petition properly does not refers to his petition as an amended petition. *See* Order, 12/27/23 ("the Defendant's PCRA Petition is **DISMISSED** without a hearing") (emphasis in original).

With regard to Pridgen's claim that the trial court failed to send him the order requiring him to file a Rule 1925(b) statement, we note that our Court's

decision at 78 MDA 2023 also disposed of this claim to his benefit. Specifically, our Court declined to find waiver where the PCRA court docket did not reflect that the order had been served upon Pridgen and, thus,"[he] cannot be faulted for failing to comply with an order that was never sent to him." **See Pridgen**, 305 A.2d at 101 n.4; **see also** Pa.R.A.P. 1925(b)(4)(vii).

Finally, Pridgen's argument that the record must be corrected so that he can be served the "Late Letter," #179 on the trial court docket, entitles him to no relief. The "Late Letter" to which Pridgen refers is a letter, dated April 13, 2023, from the trial judge, the Honorable Dennis E. Reinaker, to the Superior Court Deputy Prothonotary. In that letter, Judge Reinaker acknowledges that a duplicative appeal had been filed and that the trial court was under the impression that the appeal at 78 MDA 2023 was no longer active. **See In re: 78 MDA 2023** Letter (Lancaster Co. Docket 3471-1992), 4/13/23. Judge Reinaker also notifies our Court's Deputy Prothonotary that the "record will be sent to the Superior Court as soon as possible." **Id.** To the extent that Pridgen claims the court must correct the record and send him notice of this letter, we find no merit to this claim. The letter merely concerns administrative matters relating to the trial court's delay in sending the certified record to this Court for purposes of his appeal in 78 MDA 2023, of which this Court has fully disposed.

Order affirmed.[12]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/26/2024

---

[12] The Commonwealth has not filed an Appellee's brief on appeal and, instead, "rel[ies] upon Judge Reinaker's thorough and well-reasoned Pa.R.A.P. 1925[(a) o]pinion, filed on August 8, 2023." *See* Letter, 1/25/24. However, the trial court's opinion, a mere two-pages in length, with citations to boilerplate standards of review and a single procedural rule, falls woefully short of being "thorough and well-reasoned." In fact, the trial court provides no reasoning or rationale for its decision to deny Pridgen's motion to correct/modify the record.