J-S27023-23

2023 PA Super 214

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                                   :
           v.                 :
                                   :
                                 :
JAMES MARIO PRIDGEN         :
                                 :
          Appellant     :   No. 78 MDA 2023

Appeal from the PCRA Order Entered December 27, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003471-1992

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

OPINION BY BOWES, J.:                   **FILED OCTOBER 24, 2023**

James Mario Pridgen appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant is serving a sentence of life imprisonment without possibility of parole for committing first-degree murder in 1992. His judgment of sentence became final in 1996 when his direct appeal garnered him no relief. ***See Commonwealth v. Pridgen***, 181 A.3d 415, 2017 WL 5483209, at *1 (Pa.Super. 2017) (unpublished memorandum).

Appellant filed his first, timely PCRA petition in 1996.[1] William W. Boyd, Esquire was appointed to represent him and filed an amended petition raising

_____

[1] The PCRA provides that "[a]ny petition . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Any petition filed outside that timeframe must plead and prove one of the three exceptions to the one-year time-bar: "(1)
*(Footnote Continued Next Page)*

three claims of ineffective assistance of trial counsel. The PCRA court denied Appellant's petition after a hearing, and Attorney Boyd filed a notice of appeal. Thereafter, the PCRA court entered an order permitting Attorney Boyd to withdraw at Appellant's request so that he could proceed with the appeal *pro se*. In that appeal, Appellant abandoned the claims litigated in the PCRA court and argued that Attorney Boyd was ineffective for failing to pursue certain other issues. We affirmed the PCRA court's order, holding that claims of PCRA counsel's ineffectiveness were not cognizable under the PCRA. ***See Commonwealth v. Pridgen***, 723 A.2d 235 (Pa.Super. 1998) (unpublished memorandum at 7-8).

In the ensuing decades, Appellant filed numerous PCRA petitions and requests for writs of *habeas corpus*. None merited him relief.

Appellant filed the PCRA petition at issue in the instant appeal in 2021. Therein, he raised the same challenges to Attorney Boyd's ineffectiveness that this Court deemed incognizable in his 1998 appeal, as well as additional layered claims of trial counsel's ineffectiveness. Appellant premised the PCRA court's jurisdiction to belatedly adjudicate these claims upon our Supreme

_____

interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012) (cleaned up). "[T]he timeliness of a PCRA petition is jurisdictional and . . . if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa.Super. 2022).

Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) ("[W]e hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."). In effect, Appellant contended that **Bradley** countermanded this Court's 1998 ruling such that the claims of PCRA counsel's ineffectiveness should now be entertained. **See** PCRA petition, 12/22/21, at 3.

The PCRA court appointed counsel, Attorney Alexander D. Egner, Esquire, who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Attorney Egner opined that **Bradley** did not allow Appellant's claims to be addressed because no timeliness exception was satisfied.

In September 2022, the PCRA court simultaneously granted counsel's motion to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court explained that Appellant's reliance on **Bradley** was inapt, and his petition was untimely. Further, the Rule 907 notice directed Appellant that he had twenty days to respond and bring any additional pertinent information to the court's attention, or his petition would be dismissed.

Appellant filed a response to the Rule 907 notice alleging that Attorney Egner was ineffective for not amending the PCRA petition to include an

- 3 -

ineffective assistance of counsel claim from 1998 against Attorney Boyd, as well as insufficiently communicating with Appellant and not providing him with pertinent documents.[2] Furthermore, Appellant reiterated his contention that his claims of ineffective assistance of counsel which this Court had declared in 1998 to not be cognizable were now justiciable pursuant to **Bradley**.[3] The PCRA court then issued a second Rule 907 notice identical to the first. However, Appellant did not respond to this second notice and, approximately two months later, the PCRA court filed an order dismissing his petition.

Appellant timely filed a notice of appeal to this Court and presents one question for our review: "Whether the actions, and judgment exercised by the [PCRA] court misapplied the law, and was manifestly unreasonable, which is therefore an abuse of discretion and a legal error of law in violation of [Rule] 907?" Appellant's brief at 4 (cleaned up).[4]

---

[2] Appellant asserted that he did not receive Attorney Egner's "no-merit" letter and petition to withdraw and provided a prison form indicating that mail sent from Attorney Egner's law firm was rejected by the correctional facility in which Appellant is housed.

[3] Appellant also filed three *pro se* motions asserting the same issues raised in in his Rule 907 response.

[4] The PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P 1925(b). Appellant did not file a statement, as conceded within his brief. **See** Appellant's brief at 7. Generally, the failure to comply with an order to file a Rule 1925(b) statement results in waiver of all appellate issues. **See**, **e.g**., **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); Pa.R.A.P. 1925(b)(4)(vii). However, it is well-settled that waiver will not attach if the court's Rule 1925(a) order
*(Footnote Continued Next Page)*

We begin with the pertinent legal principles. In an appeal from a PCRA order, "our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011). "[T]his Court may affirm a PCRA court's order on any legal basis." *Commonwealth v. Parker*, 249 A.3d 590, 595 (Pa.Super. 2021). Moreover, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

As noted above, the PCRA court explained in its initial Rule 907 notice that it found Appellant's 2021 petition to be untimely and not subject to any of the exceptions. Rather than challenging that ruling on appeal, Appellant attacks the PCRA court's issuance of a duplicate Rule 907 notice, asserting that the non-responsive second notice was improper and that he should be afforded the opportunity to amend his petition. *See* Appellant's brief at 9-10.

---

did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served. *See*, *e*.*g*., *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (holding that waiver did not result from the *pro se* appellant's failure to file a statement where the record indicated that the Rule 1925(b) order was served upon withdrawn counsel rather than upon the appellant). Appellant avers, with support from his inmate correspondence history, that he never received the order directing him to file a statement. *See* Appellant's brief at unnumbered 15. The PCRA court docket does not reflect that the order was served upon Appellant, but only upon two different attorneys for the Commonwealth. Since Appellant cannot be faulted for failing to comply with an order that was never sent to him, we do not find waiver.

Rule 907 provides in relevant part that, when there are no issues of material fact, the record indicates no relief is due, and no purpose would be served by further proceedings, the PCRA court "shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1). A petitioner may respond to the notice seeking to avoid the dismissal by requesting leave to amend the petition to correct any noted defects or to highlight reasons for further proceedings. *Id*. "The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." *Id*.

A PCRA court's failure to comply with the dictates of Rule 907(1) before dismissing a petition is not automatically reversible error. *See*, *e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). If the petitioner cannot establish that he was prejudiced by the defective procedure, no relief is warranted. *Accord Stansbury*, *supra*. For example, "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa.Super. 2016).

Here, Appellant's response to the PCRA court's first Rule 907 notice asserted claims that Attorney Egner was ineffective in representing Appellant in the instant PCRA proceedings. As that was his first opportunity to raise those claims, pursuant to *Bradley*, the PCRA court should have addressed them. The PCRA court neglected its duty to consider the *Bradley* claims when

it merely reissued the first Rule 907 notice. In that regard, we agree with Appellant that the PCRA court erred.

The issue remains whether that error entitles Appellant to relief. To answer that question, we consider the merits of Appellant's **Bradley** claim that Attorney Egner was ineffective in failing to serve him with his no-merit letter and to amend his 2021 petition to assert an additional claim of Attorney Boyd's ineffectiveness. **See** Response to Pa.R.Crim.P. 907 Notice, 9/27/22, at 2. For the following reasons, we conclude that no relief is due.

It is clear from the certified record that Appellant's PCRA petition does not qualify for a timeliness exception. Although Appellant argued that **Bradley** retroactively made his claims asserted in 1998 cognizable, this Court has held that **Bradley** "does not create an exception to the PCRA's jurisdictional time-bar." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa.Super. 2023). In a similar vein, we have opined that **Bradley** "did not assert a new constitutional right which applies retroactively." **Commonwealth v. Salmond**, 2023 WL 5447700, at *6 (Pa.Super. Aug. 24, 2023) (non-precedential decision).[5] "Furthermore, this Court has continually declined to extend the holding of **Bradley** to cases involving untimely petitions." **Commonwealth v. Ruiz-Figueroa**, 2023 WL 4115626, at *2 (Pa.Super. June 22, 2023) (non-precedential decision).

---

[5] Under Pa.R.A.P. 126(b), we may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value.

Appellant did not proffer, in the PCRA court or in this Court, any valid timeliness exception for his 2021 petition. He presents no argument that, had Attorney Egner raised the requested additional claim or had Appellant received Attorney Egner's no-merit letter, he would have been able to overcome the PCRA's time bar. Consequently, the PCRA court lacked jurisdiction to entertain any of the claims raised in his 2021 petition. Attorney Egner cannot be deemed ineffective for failing to assert additional substantive claims over which the court had no jurisdiction. *See*, *e.g.*, *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019) ("[N]o court has jurisdiction to hear an untimely PCRA petition."). Simply put, Appellant cannot demonstrate that he was prejudiced by any act or omission of Attorney Egner.

Therefore, the PCRA court's failure to address in its second Rule 907 notice the *Bradley* claims directed at Attorney Egner was not reversible error. *See Zeigler*, *supra*. Consequently, we have no cause to disturb the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023