J-A03012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE WILLIAM DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 393 WDA 2023 |

Appeal from the PCRA Order Entered March 20, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001642-2018

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: March 1, 2024**

Terrance William Davis, Jr. appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  In this Court, he asks us to remand the matter to the PCRA court so that he may develop claims of ineffective assistance of PCRA counsel.  Concluding that Appellant has established that remand is warranted pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), we vacate the order dismissing his PCRA petition and remand for proceedings consistent with this memorandum.

We begin with the following background, gleaned from the certified record and a prior memorandum from this Court.  "[O]n January 30, 2019, Appellant entered an open guilty plea to three counts of aggravated assault related to his spitting on and striking several corrections officers."  *Commonwealth v. Davis*, 273 A.3d 1048, 2022 WL 420173, at *1

(Pa.Super. 2022) (non-precedential decision) (cleaned up).  On April 26, 2019, the trial court sentenced him to an aggregate period of incarceration of ten to thirty years.

Appellant filed a PCRA petition and, ultimately, the court reinstated his direct appeal rights *nunc pro tunc* and appointed Corrie Woods, Esquire, to represent him.  Appellant filed a direct appeal to this Court challenging his guilty plea and the discretionary aspects of his sentence.  We deemed both issues waived because he failed to preserve them in the trial court.  On July 12, 2022, our Supreme Court denied Appellant's petition for allowance of appeal.  He did not seek further review of that decision.

On August 15, 2022, Appellant timely filed *pro se* the PCRA petition at issue in this appeal.[1]  The PCRA court again appointed Attorney Woods, who filed a petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  On February 21, 2023, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing and granted Attorney Woods's petition to withdraw.  In lieu of a response, Appellant

---

[1] Insofar as there are references in the record and the briefs to this being Appellant's second PCRA petition, we observe that because Appellant's first PCRA petition resulted in reinstatement of his direct appeal rights *nunc pro tunc*, the 2022 petition technically counts as his first PCRA petition.  ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

purported to prematurely appeal the PCRA court's decision. Thereafter, the PCRA court dismissed Appellant's PCRA petition.

Appellant *pro se* filed another notice of appeal, which was docketed in this Court. The PCRA court appointed counsel and issued a defective order to file a concise statement pursuant to Pa.R.A.P. 1925(b). Ultimately, the PCRA court appointed Timothy Lyon, Esquire to represent Appellant for purposes of this appeal, and he filed an amended notice on Appellant's behalf. After being granted an extension, Appellant filed a Rule 1925(b) concise statement alleging, for the first time, that Attorney Woods rendered ineffective assistance in representing Appellant in the underlying PCRA proceedings. Specifically:

> Attorney Woods rendered ineffective assistance of counsel where:
>
>> (a) in his review of [Appellant's] file, he overlooked correspondence between [Appellant] and [plea counsel] attached hereto as Exhibit A,[2] and
>>
>> (b) he failed to advance and/or develop a [PCRA] claim on [Appellant's] behalf based on Exhibit A that plea and/or sentencing counsel provided ineffective assistance by:
>>
>>> (i) misleading and/or failing to fully inform [Appellant] as to the nature, content, and/or impact of the open plea agreement to the extent that the entry of

---

2 Exhibit A comprises two letters dated after Appellant's plea but before his sentencing hearing. The first letter is from Appellant to his trial attorney, and within it Appellant asks for a sentence of two and one-half to five years of incarceration with concurrent probation. The second letter is a response from plea counsel, indicating that the Commonwealth agreed not to seek more than two years of incarceration as part of the open plea agreement.

[Appellant's] guilty plea was not knowing, intelligent, or voluntary; and/or

(ii) failing (A) to state the full nature of the open plea agreement on the record during [Appellant's] guilty plea and/or sentencing proceedings and (B) to move to (x) withdraw [Appellant's] guilty plea after sentencing, (y) modify [Appellant's] sentence, or (z) enforce the plea agreement.

Pa.R.A.P. 1925(b) Statement, 5/25/23, at unnumbered 3.

Based upon these claims, Appellant requested that the matter be remanded for the development of his ineffective assistance of PCRA counsel claims pursuant to **Bradley**. The PCRA court issued a Rule 1925(a) opinion, "concur[ring] with Appellant's request that the instant matter be remanded from this Honorable Court as contemplated in **Bradley**[,]" because "[s]uch remand would allow Appellant, and the court, to develop a record as it pertains to his claim of ineffective assistance of PCRA counsel, as well as permit Appellant to advance his claim through an amended PCRA petition." PCRA Court Opinion, 5/30/23, at 4 (cleaned up). On appeal, Appellant presents a single issue for our consideration:

> Whether the order denying [Appellant] PCRA relief should be vacated and this matter remanded to the PCRA court to permit [Appellant] to file an amended PCRA petition alleging the ineffective assistance of his PCRA counsel for the failure to advance and to develop claims of plea and sentencing counsel's ineffective assistance.

Appellant's brief at 4.[3]

_____

[3] In its letter brief, the Commonwealth suggests that this Court could either find waiver of all claims because Appellant failed to raise the ineffective-
*(Footnote Continued Next Page)*

We begin with the legal principles guiding our review. As with all appeals from PCRA orders, "our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." ***Commonwealth v. Pridgen***, 305 A.3d 97, 101 (Pa.Super. 2023) (cleaned up).

Appellant has invoked ***Bradley*** to request a remand to the PCRA court to litigate his claims that Attorney Woods was ineffective in his stewardship of Appellant's 2022 PCRA petition. In ***Bradley***, our Supreme Court "h[e]ld that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401 (cleaned up). Here, Appellant requested new counsel as soon as Attorney Woods was permitted to withdraw, current counsel was appointed after the petition was dismissed, and current counsel raised challenges to Attorney Woods's representation in his Rule 1925(b) statement. Accordingly, we conclude that Appellant properly raised his claims of ineffective assistance of PCRA counsel at the first opportunity to do so.

While Appellant properly raised these claims, this Court recently reiterated that "***Bradley*** did not guarantee a PCRA petitioner substantive review of claims of PCRA counsel's ineffectiveness, nor did it create an

_____

assistance-of-PCRA-counsel claims in his response to the notice of intent to dismiss or, "in the interests of justice[,]" remand to the PCRA court. ***See*** Commonwealth's brief at 5, 7.

absolute right to remand for development of those claims."[4] ***Commonwealth v. Lawrence***, ___ A.3d ___, 2024 WL 221021, at *2 (Pa.Super. Jan. 22, 2024). Rather, when this Court is presented with ***Bradley*** claims, we determine whether remand is appropriate pursuant to the following guidelines:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Commonwealth v. Parrish***, 273 A.3d 989, 1002 (Pa. 2022) (cleaned up).

Presently, it is apparent from Appellant's brief, Rule 1925(b) statement, and attached documentation that he is alleging his plea and sentencing counsel misled him into entering a guilty plea and then failed to take appropriate remedial measures post-sentencing, and that PCRA counsel was

---

[4] Additionally, we note that this Court also clarified that "to demonstrate the propriety of a remand[,]" an appellant must "explain. . . to this Court how further development of the factual record would satisfy all three prongs of [the ineffectiveness] test as to each of prior PCRA counsel's alleged failings." ***Commonwealth v. Lawrence***, ___ A.3d ___, 2024 WL 221021, at *3 (Pa.Super. Jan. 22, 2024). Since ***Lawrence*** was issued after Appellant filed his brief in this Court, we do not hold Appellant to this standard. Nonetheless, we caution counsel that moving forward he must utilize the appellate brief to present ***Bradley*** "claims to this Court as if they were being pled in the PCRA petition itself." ***Id***.

ineffective for failing to pursue these purportedly meritorious claims. Thus, we readily conclude that he has "provide[d] more than mere boilerplate assertions of PCRA counsel's ineffectiveness" and instead has demonstrated that "there are material facts at issue concerning claims challenging counsel's stewardship[.]" **Parrish**, 273 A.3d at 1002 (cleaned up). Since "relief is not plainly unavailable as a matter of law," we agree with Appellant, the PCRA court, and the Commonwealth that remand is warranted in this case. **Id**. (cleaned up).

Based on the foregoing, we vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to consider the within claims of ineffective assistance of PCRA counsel.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/1/2024