J-S12005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE M. KING | : | |
| | : | |
| Appellant | : | No. 2052 EDA 2023 |

Appeal from the PCRA Order Entered July 17, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007863-2018

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 06, 2024**

Appellant, George M. King, appeals from the July 17, 2023 order entered in the Montgomery County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we vacate and remand for further proceedings.

The relevant facts and procedural history are as follows.  On July 23, 2019, Appellant, while represented by Thomas C. Egan, III, Esquire, entered an open guilty plea to numerous charges arising from his role as principal in a drug dealing enterprise that distributed heroin, fentanyl, cocaine, and methamphetamine in the Norristown, Montgomery County area.[1]  These

_____

[1] The Commonwealth had charged Appellant with 165 offenses arising from this conduct.  In particular, Appellant pleaded guilty to Corrupt Organization,
*(Footnote Continued Next Page)*

charges included Count 39: Possession with Intent to Deliver ("PWID") a Controlled Substance (Heroin and Fentanyl)[2] and Count 40: Conspiracy to Commit PWID.[3] At the plea hearing, plea counsel conducted a thorough plea colloquy in which he, *inter alia*, notified Appellant that he had "significant [sentencing] exposure because your prior record makes you an R-fel."[4] N.T. Plea Hr'g, 7/23/19, at 7.

On June 16, 2020, the trial court held a sentencing hearing. At the commencement of the hearing, the court stated that it had conferred with counsel regarding the applicable sentencing guidelines and all parties agreed that the guidelines set forth in the Commonwealth's sentencing memorandum were accurate. The Commonwealth then read the guidelines into the record, including, without objection, that the offense gravity score ("OGS") for Count 39 was 10 and for Count 40 was 11, Appellant's prior record score ("PRS") for

---

Conspiracy to Commit Corrupt Organizations, 35 counts of Possession with Intent to Deliver, Dealing in Unlawful Proceeds, and Possession of a Firearm Prohibited.

[2] This charge pertained to a cache of 118 bags containing a mixture of fentanyl and heroin weighing 7.6 grams and 517 bags of heroin weighing 24.71 grams recovered from Appellant's residence.

[3] This charge pertained to the total weight of all drug sales made during the investigation, which totaled over 100 grams.

[4] "RFEL" is the category into which the Sentencing Guidelines classify "[o]ffenders who have previous convictions or adjudications for Felony 1 and/or Felony 2 offenses which total 6 or more points in the prior record, and who do not fall within the Repeat Violent Offender Category[.]" 204 Pa. Code § 303.4(a)(2).

each of these convictions was "REVOC,"[5] and the standard range sentence for each of these convictions was 120 months plus or minus 12. After noting that it had considered the presentence investigation ("PSI") report, the arguments of the parties,[6] and the sentencing guidelines, the court stated that it's "intention would be 12½ to 25 years[,]" and subsequently imposed an aggregate sentence of 12½ to 25 years of incarceration. N.T. Sentencing Hr'g, 6/16/20, at 22-23. With respect to Counts 39 and 40, the court imposed two concurrent terms of 10 to 20 years of incarceration.[7] Appellant did not file a post-sentence motion or direct appeal from his judgment of sentence.

On July 15, 2021, Appellant *pro se* filed a timely first PCRA petition alleging that he was serving an illegal sentence and that his plea counsel had been ineffective. The PCRA court appointed counsel who, on July 14, 2022, filed an amended PCRA petition.

In the amended petition, Appellant asserted that his plea counsel was ineffective for failing to object to the classification of Appellant's PRS for Counts 39 and 40 as REVOC when Appellant's prior Burglary convictions listed

---

[5] REVOC, or Repeat Violent Offender Category, is the PRS category set forth at 204 Pa. Code § 303.4(a)(1). Section 303.4(a)(1) requires that offenders with two or more previous convictions or adjudications for four-point offenses (as defined in Sections 303.7(a)(1) and 303.15), and whose current conviction carries an OGS of 9 or higher be classified in the REVOC.

[6] The Commonwealth's argument included a request that the court sentence Appellant to a term of 15 to 30 years of incarceration.

[7] The court also imposed a consecutive sentence of 2½ to 5 years of incarceration for Appellant's PWID conviction at Count 29. The court imposed concurrent sentences for Appellant's remaining convictions.

in the PSI report were not 4-point offenses or crimes of violence and the 1987 Robbery listed in the PSI report had been *nolle prossed*.

On January 24, 2023, the Commonwealth filed an answer and motion to dismiss the amended petition. The Commonwealth conceded that Appellant's claim had arguable merit but alleged that Appellant could not prove that counsel's failure to object had not prejudiced him because the court expressed its intent to sentence Appellant to a 12½- to 25-year term of incarceration and could have done so "by applying all consecutive sentences or various combinations of consecutive and concurrent sentences." Answer, 1/24/23, at 10. The Commonwealth, thus, concluded that it was not substantially likely that any objection would have caused the court to impose a shorter sentence.[8]

On July 6, 2023, the PCRA court heard argument on Appellant's petition. The Commonwealth again conceded that the parties misrepresented the applicable PRS for Counts 39 and 40 at the sentencing hearing and reiterated its position that counsel's failure to object to this error did not prejudice Appellant because the court would have imposed the same sentence even if the PRS for those counts had been correct. Counsel for Appellant represented that the correct guideline sentence range for Count 39 was 72 to 84 months'

---

[8] The Commonwealth also averred that given the favorable length of the sentence imposed relative to the number of charged offenses—165—plea counsel had an objectively reasonable reason not to object to the potential PRS error.

plus or minus 12 and for Count 40 was 84 to 102 months' plus or minus 12. Counsel argued that prejudice is inherent in this error because it resulted in a fundamentally flawed sentencing process, which necessitated resentencing.

At the conclusion of the hearing the PCRA court stated as follows:

> All right. Well, it is clear that there were - - the [c]ourt had the benefit of a [PSI] report and listened to the sentencing proceeding and arguments of counsel before I stated what my intent was for the overall sentence and then, obviously, I fit it into the guidelines that I had before me which were flawed at [C]ounts 39 and 40.
>
> I'll review the matter and issue an appropriate order.

N.T. PCRA Hr'g, 7/6/23, at 9.

On July 17, 2023, the PCRA court issued an order dismissing Appellant's amended petition. The court indicated that "[t]he sentence determined to be appropriate, came after a sentencing hearing and arguments of counsel, following review of a [PSI] report. Only two of forty sentencing guidelines were wrong. The sentence could easily have been structured using the thirty-eight correct guidelines." Order, 7/17/23.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the lower court err in dismissing [Appellant's] amended PCRA petition without first issuing a [n]otice of [i]ntent to [d]smiss pursuant to Pa.R.Crim.P. 907 which would have provided [Appellant] the opportunity to respond to the lower court's rationale for dismissal?

2. Did the lower court err in failing to grant PCRA relief on the ground that trial counsel was ineffective for failing to object to [Appellant's PRS] being improperly classified as a REVOC for

Counts 39 and 40 of the bills of information when the [B]urglary convictions listed in [Appellant's] [PSI] report do not constitute 4-pint offenses or crimes of violence and the [R]obbery listed in the [PSI] report at CP-46-CR-0002599-1987 was, in fact, *nolle prossed*?

Appellant's Brief at 3.

In his first issue, Appellant claims the PCRA court erred in dismissing his amended petition without first issuing a Rule 907 notice thereby depriving Appellant of the opportunity to respond to the court's rationale for dismissal. *Id.* at 9-12. We agree.

Our rules of criminal procedure provide that once a petitioner files a PCRA petition, the PCRA court must review the issues raised in the petition to determine whether they fall within the scope of the PCRA's cognizable claims, have arguable merit warranting a hearing, and/or fail to present any genuine issues pertaining a material fact so that post-conviction relief is not warranted. Pa.R.Crim.P. 907. Specifically, Rule 907 provides the following:

Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907. The notice requirement of Rule 907 is mandatory. **Commonwealth v. Feighery**, 661 A.2d 437, 439 (Pa. Super. 1995).

Here, although the PCRA court heard argument on Appellant's amended petition, it did not conduct an evidentiary hearing at which Appellant could present evidence pertaining to the contested issue of whether Appellant suffered prejudice as a result of plea counsel's omission. In light of this error, we vacate the PCRA court's order denying Appellant's amended petition and remand for further proceedings.[9, 10]

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[9] The Commonwealth, relying on, *inter alia*, **Commonwealth v. Pridgen**, 305 A.3d 97 (Pa. Super. 2023), argues that we need not vacate the PCRA court's order because Appellant has not asserted that he could have amended his PCRA petition to establish that his counsel's omission prejudiced him. Commonwealth's Brief at 11-15. In **Pridgen**, this Court held that "[i]f the petitioner cannot establish that he was prejudiced by the defective procedure," the PCRA court's failure to issue a Rule 907 Notice before dismissing a petition is "not automatically reversible error." **Id.** at 102. We find **Pridgen**, in which this Court found "clear from the certified record that [the a]ppellant's PCRA petition does not qualify for a timeliness exception[,]" **id.**, distinguishable. In **Pridgen**, it was undisputed that the petitioner had filed his PCRA petition more than one year after his judgment of sentence became final and he failed to prove that any exception to the PCRA's time-bar applied. **Id.** It was, thus, undisputed that the petitioner was not eligible for relief. In the instant case, the facts supporting Appellant's claim of prejudice are **not** undisputed and, thus, the PCRA court erred in not providing Appellant with the opportunity to establish that he suffered prejudice.

[10] As this issue is dispositive, we need not address Appellant's remaining issue on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024