J-S11043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL GIVENS | : | |
| | : | |
| Appellant | : | No. 308 WDA 2025 |
| | : | |

Appeal from the PCRA Order Entered February 24, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005984-2000

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JAMES GIVENS | : | |
| | : | |
| Appellant | : | |
| | : | No. 309 WDA 2025 |

Appeal from the PCRA Order Entered February 24, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016433-1999

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED:  April 23, 2026**

Michael James Givens appeals, pro se, from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we affirm.

In 1999, Givens shot and killed Rico Steele. He was charged with one count of criminal homicide and related offenses. A jury convicted him of first-degree murder, and, on June 19, 2000, the trial court imposed the mandatory sentence of life imprisonment without parole. This Court affirmed Givens' judgment of sentence on July 5, 2002, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 27, 2002. Thus, for purposes of the PCRA, Givens' judgment of sentence became final 90 days later, on March 27, 2003, when his time for seeking certiorari in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13 (allowing 90 days for filing of writ of certiorari). Accordingly, Givens had until March 27, 2004, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (any PCRA petition, including second or subsequent petition, must be filed within one year of date judgment of sentence becomes final). The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014).

Givens filed the instant PCRA petition, his fifth, on October 4, 2023, more than 20 years after his judgment of sentence became final. As such, Givens was required to plead and prove one or more of the exceptions to the

PCRA time bar under 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).[1] A petition invoking one of the timeliness exceptions must be filed "within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted).

In his instant petition, Givens asserted an exception to the time bar under section 9545(b)(1)(ii), claiming newly discovered facts in the form of an affidavit from Rick Johnson, who "can attest to the fact that [Givens] was in the presence of [Johnson] at the time and date of the shooting[.]" PCRA

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

Petition, 10/4/23, at 3. In the affidavit, dated June 15, 2023, Johnson stated as follows:

> [O]n the night of November 6, 1999[,] at approximately 9:00 [p.m.], my wife and I were at an establishment-bar named "The Second Time Around" in Homestead, Pennsylvania.
>
> [] Givens entered the establishment . . . with a female. We spoke briefly and [a] little after, my wife and I engaged in a domestic dispute[,] causing the police to be called. Once the police [were] dispatched to our location, they immediately arrested us. My wife and I [were] placed in the back seat of the police vehicle.
>
> [] Givens had observed what occurred, [and,] out of concern for our well[-]being and safety, [] Givens approached the police vehicle, open[ed] the door[,] and asked "Are y'all alright?" Immediately thereafter, that's when the police pulled [] Givens to the side to ask for his identification.

*Id.* at Appendix "A" (Affidavit of Rick Johnson).

Givens asserted that the shooting for which he was convicted occurred at the "exact time" Johnson and his wife were placed in the police cruiser and he spoke to them. *Id.* at 4. Thus, Givens argued, Johnson's affidavit proves that he could not have been the person who killed Steele. Givens requested a hearing to allow Johnson to testify to the events outlined in his affidavit.

On July 2, 2024, the PCRA issued Pa.R.Crim.P. 907 notice of its intent to dismiss Givens' petition without a hearing. On August 6, 2024, Givens filed a consolidated motion to extend the time to file a response to the PCRA court's Rule 907 notice and to amend the PCRA petition. On September 11, 2024, the court granted Givens an extension of time, until December 11, 2024, to respond to the Rule 907 notice and amend his PCRA petition. Givens alleges that he "submitted an amended PCRA petition on November 20, 2024." Brief

- 4 -

of Appellant, at 8. However, the docket does not contain an entry for such a pleading, and it is not contained in the certified record. On February 24, 2025, the PCRA court entered an order dismissing Givens' petition. On March 18, 2025, Givens filed a timely notice of appeal.[2]

As noted above, the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of an untimely petition. **Lawson**, **supra**. Givens attempted to overcome the PCRA's jurisdictional mandate by asserting the newly discovered evidence exception under section 9545(b)(1)(ii). However, section 9545(b)(1)(ii) "requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the

---

[2] On March 31, 2025, the PCRA court issued an order directing Givens to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Givens did not file a Rule 1925(b) statement. On August 4, 2025, the PCRA court issued a one-paragraph "opinion" noting that Givens did not file a Rule 1925(b) statement as ordered and, thus, had waived all of his appellate claims. However, as the Commonwealth correctly acknowledges in its brief, "waiver will not attach if the court's Rule 1925([b]) order did not strictly comply with the mandates of the rule, or if the order was not properly docketed and served." **Commonwealth v. Pridgen**, 305 A.3d 97, 101 n.4 (Pa. Super. 2023). Here, although Givens has been acting pro se since July 27, 2016, when his most recent counsel, Suzanne M. Swan, Esquire, was granted leave to withdraw, the court nonetheless served its March 31, 2025 Rule 1925(b) order on Attorney Swan and not on Givens. Moreover, the PCRA court's Rule 1925(b) order failed to advise Givens "that the Statement shall be filed of record" and failed to designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement," as required by Rule 1925(b)(3)(ii) and (iii). For those reasons, we do not find waiver. We strongly advise the PCRA court to revise its standard Rule 1925(b) order to conform to the requirements set forth in Rule 1925(b)(3).

exercise of due diligence." ***Brown***, 111 A.3d at 176. Here, Givens argues that he could not have presented the facts contained in Johnson's affidavit sooner because, on the night Givens interacted with Johnson at the bar in Homestead, he did not know Johnson's name but only knew him by his nickname, "D.C."[3] ***See*** Brief of Appellant, at 12. Givens asserts he "did not know who [] Johnson was until family members met with him" on an unspecified date. ***Id.*** Givens' argument is unavailing.

Assuming the veracity of Johnson's affidavit, Givens would have been aware at the time of his trial that he had interacted with a person known to him as "D.C." on the night of the shooting. Therefore, he could have, through the exercise of reasonable diligence, made inquiry, either himself or through counsel, as to the identity of "D.C." Significantly, Johnson stated that he and his wife were both arrested on the night they allegedly interacted with Givens. Thus, the Homestead Borough Police Department would have had a record of that arrest and a simple inquiry by Givens or his counsel could have easily uncovered Johnson's identity. Givens fails to explain why, despite knowing there was a person nicknamed "D.C." who possessed information that could exonerate him, he made no attempt whatsoever to identify and locate him so that he could appear at trial as a witness on Givens' behalf. Accordingly, because Givens failed to demonstrate that he acted with due diligence to

_____

[3] Givens presents this explanation—that he only knew Johnson as "D.C."—for the first time in his appellate brief. Givens claims that he raised this issue in an amended petition filed on November 20, 2024. However, as noted above, no such document appears on the docket or in the certified record.

discover Johnson's identity, the PCRA court properly denied relief.[4] **Brown**, **supra**.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/23/2026

---

[4] In his brief, Givens raises a claim that the PCRA court "commit[ted] clear legal error" by failing to issue an amended Rule 907 notice after he filed his amended PCRA petition on November 20, 2024. Brief of Appellant, at 4. Again, nothing in the docket or certified record indicates that such an amended petition was ever actually filed. In any case, failure to issue Rule 907 notice is not reversible error where, as here, the record is clear that the petition is untimely and proves no viable exception. **Pridgen**, 305 A.3d at 102.