J-S17011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :
           v.                      :
                                    :
                                    :
TYLER ADAMS                       :
                                    :
                 Appellant       :     No. 1970 EDA 2023

Appeal from the PCRA Order Entered June 29, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003866-2015

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                 **FILED JUNE 14, 2024**

Tyler Adams appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant accepted a negotiated guilty plea to one count each of murder of the third degree, conspiracy to commit robbery, and aggravated assault, all of which related to the death of Juan Antonio Jiminez after Appellant and four co-defendants robbed a home. The parties negotiated an aggregate sentence of twenty-three to forty-six years of incarceration, a $30 fine, and restitution for the victim's funeral expenses. On May 4, 2017, the trial court accepted the plea and imposed the agreed-upon sentence. The trial court did not specify the restitution amount at the time of sentencing.[1] Appellant did not file a notice of appeal within thirty days and his judgment of sentence

---

[1] The certified record does not indicate whether a restitution amount was ever entered.

became final on June 5, 2017.[2]  **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed . . . the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"); 42 Pa.C.S. § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review").  Appellant had until June 5, 2018, to file a timely PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]").

Appellant filed a facially untimely *pro se* PCRA petition on March 15, 2022, asserting that our Supreme Court's decision in **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019), issued on September 26, 2019, qualified as an exception to the statutory time-bar.  Substantively, Appellant alleged that his sentence was illegal because the **Ford** Court held that a trial court must hold a hearing on a defendant's ability to pay fines.  He noted that the trial court failed to do so in his case.  Appellant subsequently filed a supplemental document seeking permission to add a claim that the trial court erred by entering an open-ended restitution order.

As this was Appellant's first PCRA petition, the court appointed C. Curtis Norcini, Esquire, to represent him.  **See** Pa.R.Crim.P. 904(C).  Attorney Norcini filed a motion to withdraw pursuant to **Commonwealth v. Finley**, 550 A.2d

---

[2] Since the thirtieth day fell on a Saturday, Appellant had until the following Monday to file his notice of appeal.  **See** 1 Pa.C.S. § 1908 (providing that if the last day of a statutory time period falls on a weekend or legal holiday, that day shall be omitted from the computation of time).

213 (Pa.Super. 1988) (*en banc*), and ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), with the "no merit" letter setting forth counsel's conclusion that the petition was untimely and that no exception applied. Appellant filed a response, contending that the ***Turner***/***Finley*** letter was defective because it failed to address the merits of the claims Appellant wished to pursue. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, setting forth its independent agreement with Attorney Norcini's assessment that no exception to the time-bar applied. Appellant filed another response, asserting that PCRA counsel was ineffective because the "no merit" letter failed to address Appellant's claim that the trial court erred by imposing an open-ended order of restitution relative to the funeral expenses.

The PCRA court thereafter issued an order dismissing the petition and Appellant filed a timely *pro se* notice of appeal. The court did not order Appellant to file a concise statement and submitted a statement adopting its Rule 907 notice as its Pa.R.A.P. 1925(a) opinion. Appellant presents the following issues for our review:

> 1. Did the PCRA court commit a[n] error of law by dismissing the petition whereas, PCRA counsel was ineffective for failing to file amended petition.
>
> 2. Did the PCRA commit a[n] error of law by dismissing the petition whereas PCRA counsel was ineffective for failing to argue [a] claim regarding [the] Commonwealth['s] failure to comply with the terms of the plea agreement/contract[, which] presents a claim not cognizable under the PCRA.

Appellant's brief at 4.

We begin with a review of the applicable legal principles. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). The General Assembly has imposed a one-year time limit from the date on which a judgment of sentence becomes final to seek relief. **See Commonwealth v. Peterkin**, 722 A.2d 638, 643 (Pa. 1998) (holding that the one-year period "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction").

Nonetheless, the legislature established three statutory exceptions to the one-year time limit, which require the petitioner to prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). The petitioner must file a petition asserting one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). These "time limits go to a court's right

- 4 -

or competency to adjudicate a controversy" and are "interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999).

As a prefatory matter, Appellant has apparently abandoned any claim that his petition met any exception to the time-bar. Instead, he presently maintains that the Commonwealth committed "a breach of contract." Appellant's brief at 8. "[A] collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." **Commonwealth v. Kerns**, 220 A.3d 607, 611–12 (Pa.Super. 2019). Thus, by its nature a motion to enforce a plea seeks to hold the Commonwealth to a particular contractual term. **See Commonwealth v. Martinez**, 147 A.3d 517, 533 (Pa. 2016) ("[A] court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term.").

Appellant does not claim that he has been deprived of any benefit. Instead, he alleges that "the Commonwealth made a false promise because the trial court had no authority to impose a generalized open-ended sentence of restitution," which in his view caused an unknowing and involuntary plea. **See** Appellant's brief at 12 (averring that had Appellant "know[n] that his funeral cost/restitution fee would've been postpone[d]" to a later date he may not have accepted the plea). Appellant seeks to "withdraw his plea and renegotiate the terms" of his sentence. **Id**. Since he seeks to undo his plea

instead of enforcing a specific term, his contractual theory is simply an attempt to evade the PCRA's timeliness requirements. **See Commonwealth v. Barndt**, 74 A.3d 185, 191 (Pa.Super. 2013) (recognizing that claims of "ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA"). Thus, even if this claim has not been waived for failing to pursue it at the PCRA court level, Appellant's contractual enforcement claim is meritless.

We thus turn to whether the PCRA court correctly dismissed the petition. In addition to Appellant's plea bargain enforcement theory, Appellant challenges Attorney Norcini's ineffectiveness in connection with the "no merit" letter, a claim he raised at the first opportunity in his *pro se* response to his counsel's petition to withdraw. **See Commonwealth v. Bradley,** 261 A.3d 381, 384 (Pa. 2021). However, as discussed *supra*, the PCRA's time limits are jurisdictional in nature. Accordingly, Attorney Norcini could not be ineffective for failing to address the substantive merits of Appellant's claims unless an exception to the one-year time bar applied.[3] **See Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa.Super. 2023) (holding that PCRA counsel "cannot be deemed ineffective for failing to assert additional substantive claims over which the court had no jurisdiction"). Therefore, the question is

---

[3] It appears that Appellant alleges that PCRA counsel was ineffective in connection with the "no merit" letter by failing to raise the contractual theory as a means to securing merits review. As explained in the body of this memorandum, that attempt fails.

- 6 -

simply whether the PCRA court erred in concluding that Appellant failed to plead and prove an exception to the time-bar. It did not.

We must examine the petition, the "no merit" letter analysis, and Appellant's responses to determine if the PCRA court properly dismissed the petition. *See Commonwealth v. Perez*, 799 A.2d 848, 851–52 (Pa.Super. 2002) (remarking that in cases where the PCRA petition is facially untimely "counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether any exception . . . applies"). "[W]here, as here, the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant asserted in his petition that our Supreme Court's decision in *Ford* constituted a new constitutional right that satisfied the § 9545(b)(1)(iii) criteria. Appellant is mistaken. First, the *Ford* case did not involve a constitutional analysis. *Ford* conducted a plain language analysis of the Sentencing Code and determined that a trial judge must determine a defendant's ability-to-pay on the record, even when the fine is part of a plea agreement. *See Ford*, 217 A.3d at 831 ("In summary, the Superior Court correctly held that [§] 9726(c) of the Sentencing Code requires record evidence of a defendant's ability to pay a fine even in the negotiated guilty

plea context."). The case had nothing to do with constitutional rights and Appellant does not identify any constitutional dimension to his claim.[4]

Further, even if the **Ford** decision could be construed to implicate a constitutional right, our Supreme Court has not, per the express statutory command, held that the case is to be applied retroactively. In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497 (Pa. 2002), the Court concluded that the General Assembly's usage of "has been held" expressed the intent "that the right was already recognized at the time the petition was filed." **Id**. at 501. Accordingly, "a retroactivity determination must exist at the time that the petition is filed," **id**. at 502, and neither **Ford** nor any subsequent decision from our Supreme Court has held that the case must apply retroactively. Moreover, Appellant failed to file his petition within one year of the date that **Ford** was issued.

For the foregoing reasons, Appellant failed to plead and prove any exception to the PCRA's one-year time limitation. As Appellant's petition was untimely, the PCRA court did not err in dismissing it.

---

[4] The United States Constitution does not prohibit a court from imposing a fine even if the defendant establishes an actual inability to pay. **See United States v. Voda**, 994 F.2d 149, 155 (5th Cir. 1993) ("[N]either the Constitution, nor the applicable sentencing statutes, nor the sentencing guidelines categorically prohibit a court from ever imposing a fine where the defendant has proven his inability to pay it."). Constitutional protections are triggered when the government attempts to collect and/or imprison the defendant for a failure to pay. **See generally Bearden v. Georgia**, 461 U.S. 660, 667–68 (1983) ("[I]f the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/14/2024