J-S45030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                     :              PENNSYLVANIA
                     :
           v.                   :
                     :
                     :
TERRY SIMONTON, JR.            :
                     :
         Appellant       :     No. 930 MDA 2024

Appeal from the PCRA Order Entered June 17, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002014-2006

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY DUBOW, J.:      **FILED: FEBRUARY 6, 2025**

Appellant, Terry Simonton, Jr., appeals from the June 17, 2024 order which dismissed as untimely his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant fails to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's dismissal.

On October 24, 2007, the trial court sentenced Appellant to an aggregate term of 8 to 22 years' incarceration for his conviction of Rape and related charges arising from Appellant's sexual abuse of his then-13-year-old stepson.

Following the reinstatement of his appellate rights *nunc pro tunc*, Appellant appealed.  This Court affirmed Appellant's judgment of sentence on July 29, 2010.  ***See Commonwealth v. Simonton***, No. 1234 MDA 2009 (Pa.

Super. July 29, 2010) (non-precedential decision). He subsequently filed four unsuccessful PCRA Petitions.

On May 1, 2024, Appellant filed the instant *pro se* PCRA petition, his fifth, averring that (1) the preliminary hearing magisterial district judge and the trial court judge both abused their discretion by exhibiting bias; (2) the prosecution committed various **Brady** violations; and (3) trial counsel was ineffective. PCRA Pet., 5/1/24, at 1-2.

On June 17, 2024, the PCRA court issued an order addressing each of Appellant's PCRA claims and denying Appellant's petition as untimely.[1] Appellant timely appealed. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and the PCRA court did not issue a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

A. Did the District Magisterial Judge John F. Arnold abuse his discretion during the preliminary hearing?

B. Did the prosecution commit a **Brady** violation by failing to correct false testimony?

C. Did the Honorable Bradford H. Charles abuse his discretion by using false statements in its March 11, 2008 opinion to deny defendant's post-trial motion regarding [] the competency of Justin Smith and Megan Marsh?

---

[1] Although the PCRA court failed to issue a notice pursuant to Pa.R.Crim.P. 907, the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." **Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023) (citation omitted), *appeal denied*, 318 A.3d 97 (Pa. 2024). Appellant's petition is facially untimely and, as discussed *infra*, Appellant has failed to plead and prove an exception to the PCRA time-bar. Thus, we find no reversible error in the court's failure to file a Rule 907 notice prior to dismissing Appellant's petition.

D. Did a layered [e]ffect of ineffective assistance of counsel take place during both evidentiary hearings?

E. Did the prosecution commit a **Brady** violation by withholding exculpatory evidence?

Appellant's Br. at 4 (some capitalization omitted).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017)

To obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003). Appellant's petition, filed more than a decade after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1)(i)-(iii): "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; [or] (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51

A.3d 231, 233-34 (Pa. Super. 2012). Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *Commonwealth v. Spotz*, 171 A.3d 675, 676 (Pa. 2017).

A thorough review of Appellant's filings, including his petition and brief to this Court, reveals that he has made no attempt to plead and prove the applicability of one of the timeliness exceptions to the PCRA's time-bar. Accordingly, we are without jurisdiction to review the merits of the issues raised. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/6/2025

- 4 -