J-S18015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARKALE ALSAMAD SOWELL | : | |
| | : | |
| Appellant | : | No. 1077 WDA 2023 |

Appeal from the PCRA Order Entered June 28, 2023
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002418-2019

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED: August 27, 2025**

Appellant, Markale Alsamad Sowell, appeals from the June 28, 2023 order of the Blair County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant's counsel filed a ***Turner*/*Finley***[2] no-merit brief and a petition to withdraw as counsel. After careful review, we grant counsel's petition to withdraw and affirm the order dismissing Appellant's petition.

The relevant facts and procedural history are as follows.  On August 29, 2022, Appellant pled guilty to one count of Criminal Conspiracy (Possession

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

with Intent to Deliver), and the trial court imposed "no further sentence." Order, filed 9/9/22. Appellant did not file a direct appeal.

Instead, on December 29, 2022, Appellant filed *pro se* a PCRA petition. On June 16, 2023, appointed PCRA counsel filed an amended petition, in which she indicated the Appellant was ineligible for relief under the PCRA because he was not serving a sentence for the crime in this case.[3]

On the same day, the PCRA court held a status hearing and dismissed Appellant's PCRA petition. In relevant part, the order stated that "[t]he requested PCRA relief is dismissed" without explaining its reasons or providing Appellant the requisite notice of intent to dismiss without a hearing. Order, 6/28/23; *see* Pa.R.Crim.P. 907(1).

On June 22, 2023, Appellant filed *pro se* a notice of appeal.

Subsequently, the PCRA court amended its prior order "to reflect that the PCRA was dismissed . . . because [Appellant] served his sentence." Order, 7/18/23. On October 5, 2023, the PCRA court filed a letter with this Court stating that it would "be relying on the record in this matter" and that "nothing further will be forthcoming[.]" PCRA Ct. Letter, 10/5/23.

---

[3] We agree with PCRA appellate counsel that PCRA counsel improperly advocated for the dismissal of Appellant's petition rather than utilizing the **Turner**/**Finley** process to seek to withdraw as counsel. **Turner**/**Finley** Brief at 10 n.1. As set forth below, no prejudice resulted as Appellant is not eligible for relief under the PCRA.

The PCRA court ultimately appointed Attorney Stacy Parks to represent Appellant on appeal. On February 10, 2015, Attorney Parks filed a petition to withdraw as counsel and subsequently filed a ***Turner***/***Finley*** brief.

PCRA appellate counsel raises the following issue:

Whether Appellant's claims that the Trial Court erred (and trial counsel was correspondingly ineffective for failing to spot and correct the error) for dismissing his PCRA [petition] without proper notice giving him 10 days to respond pursuant to Rule [907] is a meritorious non-frivolous issue that constituted prejudice and whether that claim requires relief?

***Turner***/***Finley*** Brief at 6.

Before we consider Appellant's claim, we must review counsel's request to withdraw. Pursuant to ***Turner***/***Finley***, PCRA counsel must submit a "no merit" letter or brief "[1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4] requesting permission to withdraw." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (citation omitted). If counsel has satisfied these requirements, this Court then conducts an independent review of the merits, and if we agree, we will grant counsel's application to withdraw and affirm the denial of PCRA relief. ***Id.***

- 3 -

Based upon her March 26, 2025 revised filings, we conclude that Attorney Parks met the technical requirements set forth above. Accordingly, we next conduct an independent analysis of Appellant's claims.

This Court reviews "the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error." **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017). We grant "great deference to the findings of the PCRA court if they are supported by the record" but "give no such deference . . . to the court's legal conclusions." **Id.** To be eligible for relief under the PCRA, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S. § 9543(a)(1)(i).

While the PCRA court erred in failing to file the requisite Pa.R.Crim.P. 907 Notice of Intent to Dismiss, "no relief is warranted" because Appellant "cannot establish that he was prejudiced by the defective procedure[.]" **Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa. Super. 2023), *appeal denied*, 318 A.3d 97 (Pa. 2024). Specifically, Appellant could not have remedied his ineligibility for PCRA relief even if the PCRA court had provided him with proper Rule 907 Notice. Rather, because Appellant is no longer serving a sentence of imprisonment, probation or parole in this case, he is not eligible for relief under the PCRA.

Accordingly, we grant Attorney Parks' application to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Application for Leave to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/27/2025