J-S21019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEVON MANLEY | : | |
| | : | |
| Appellant | : | No. 3234 EDA 2024 |

Appeal from the PCRA Order Entered October 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0501841-2006

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED OCTOBER 28, 2025**

Appellant, Levon Manley, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On August 2, 2007, a jury convicted Appellant of aggravated assault, attempted murder, and related offenses. On October 26, 2007, the court sentenced Appellant to eighteen to thirty-six years of incarceration. This Court affirmed Appellant's judgment of sentence on November 30, 2009, and our Supreme Court denied Appellant's petition for allowance of appeal on May 28, 2010.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

*See Commonwealth v. Manley*, 985 A.2d 256 (Pa.Super. 2009), *appeal denied*, 606 Pa. 671, 996 A.2d 491 (2010).

Appellant filed a timely first PCRA petition on April 4, 2011. The PCRA court appointed counsel, who later filed a *Turner*/*Finley*[2] no-merit letter asserting that Appellant's PCRA claims lacked merit and there existed no other issues of arguable merit that could be raised. The PCRA court dismissed Appellant's petition on October 21, 2013, and this Court affirmed on February 9, 2015. *See Commonwealth v. Manley*, 120 A.3d 373 (Pa.Super. 2015) (unpublished memorandum). Appellant subsequently filed a second PCRA petition, which the PCRA court dismissed as untimely on June 2, 2017. This Court affirmed the dismissal of the second petition on November 28, 2018. *See Commonwealth v. Manley*, 201 A.3d 886 (Pa.Super. 2018) (unpublished memorandum).

Appellant filed the instant *pro se* PCRA petition on August 16, 2023.[3] On December 7, 2023, the Commonwealth filed an answer asserting that Appellant's claims should be dismissed as time barred. On February 9, 2024, Appellant filed an amended PCRA petition. The Commonwealth filed its answer to the amended petition on February 21, 2024, arguing that the supplemental

_____

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1998); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] On December 6, 2023, Appellant also filed a "judicial notice petition," requesting that the court take notice of the United States and Pennsylvania Constitutions as well as certain caselaw Appellant deemed relevant.

- 2 -

amended petition is untimely and none of the claims raised overcome the PCRA's jurisdictional time bar. On June 21, 2024, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, indicating that it served the notice on Appellant via certified mail. On July 10, 2024, Appellant filed a writ of mandamus asserting that he did not receive the certified copy of the PCRA court's notice of intent to dismiss. On August 13, 2024, the court filed an additional notice of intent to dismiss the petition as untimely. On September 3, 2024, Appellant filed a *pro se* response to the court's notice of intent to dismiss. Ultimately, the court denied PCRA relief on October 24, 2024. Appellant timely filed a notice of appeal on November 22, 2024. Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on December 23, 2024.

Appellant raises the following issues for our review:

> I. Did trial/PCRA court erred when it heard Commonwealth's evidence about [Appellant's] religious beliefs at 07/31/07 N.T. pages 13, 14 ?
>
> II. Did trial/PCRA court err when it failed to dismiss complaint pursuant to Pa.R.Crim.P. Rule 600 in violation of PA Constitution art. I § 9?
>
> III. Did Commonwealth's **Napue**[ **v. Illinois**, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)] evidence hinder trial/PCRA court from properly applying 42 Pa.C.S. § 9721(b) pursuant to 1 Pa.C.S. 1921 and 1 Pa.C.S. 1922 for [Appellant's] illegal sentence?
>
> IV. Did trial/PCRA court's [pretrial] prosecution violate PA Constitution art. § 9?
>
> V. Did [initial] PCRA [counsel's] … inadequate

representation force [Appellant's] hybrid [representation] in first PCRA appeal?

VI. Did trial/PCRA [court] charge jury with improper jury [instruction] that denied [Appellant] jury trial provided by PA Constitution art. I § 9?

VII. Did trial/PCRA court err in its breakdown in the judicial process when it allowed clerk of court not to serve [Appellant] any orders?

(Appellant's Brief at 11-12) (unnecessary capitalization omitted).

As a preliminary matter, we note that the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

(i) the failure to raise the claim previously was the result of

interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must raise his proffered time-bar exception within one year of its discovery. *See* 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained:

The [newly-discovered] facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.... Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Reeves*, 296 A.3d 1228, 1232 (Pa.Super. 2023) (quoting *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015)). Furthermore, newspaper articles are generally insufficient to establish a newly discovered fact exception. *See id.* (holding that newspaper articles referencing misconduct by detectives in matters unrelated to appellant do not constitute newly-discovered facts).

Instantly, Appellant's judgment of sentence became final on August 26,

2010, ninety days after our Supreme Court denied allowance of appeal following Appellant's direct appeal, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Appellant filed the current PCRA petition on August 16, 2023, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

In an attempt to escape the time-bar, Appellant vaguely asserts the "newly discovered fact" exception. Specifically, Appellant argues that on August 18, 2022, he learned that the Assistant District Attorney who prosecuted him at trial had a propensity to submit false evidence to the court. Appellant discovered this fact after a fellow inmate showed Appellant a Philadelphia Daily News article from 2004 discussing the attorney's reassignment. Appellant also claims that he saw a news program on CNN discussing his first PCRA counsel having been found ineffective in a different case, and he argues that first PCRA counsel rendered ineffective assistance in his case by failing to raise the issue of the Assistant District Attorney's alleged misconduct.

The PCRA court rejected Appellant's assertion that any exception to the PCRA time-bar applied, explaining that "Appellant's [Rule] 1925(b) [statement] raises seven claims of error. Included in those claims are challenges related to ineffective assistance of counsel, sentencing, and jury instructions; all aspects of which have been previously litigated. There is

nothing new, or that would [meet] the time restraints of the PCRA, or its exceptions." (PCRA Court Opinion, dated 1/30/25, at 5-6). The PCRA court explained that Appellant's claims pertaining to sentencing and jury instructions were patently untimely, and no exception applied. Additionally, Appellant's claims related to his religious beliefs, speedy trial rights, and partiality were raised for the first time, were untimely, and did not meet an exception to the PCRA time bar. Furthermore, Appellant's claims of ineffective assistance of trial and direct appeal counsel were raised in Appellant's first PCRA and were rejected by both the PCRA court and this Court. The PCRA court also noted that Appellant's second PCRA petition raised issues of ineffective assistance of counsel, which were similarly meritless and untimely. (*See id.* at 6-7).

Upon review, we agree with the PCRA court that Appellant's claims are time barred, and that Appellant has not satisfied any of the exceptions to establish jurisdiction. *See* 42 Pa.C.S.A. § 9545(b)(1). With respect to the specific assertion Appellant raises on appeal, the news article pertaining to the Assistant District Attorney's alleged misconduct in another case is unrelated to Appellant's case and does not constitute newly discovered facts to overcome the jurisdictional hurdle. *See Reeves, supra*. Furthermore, in his second PCRA petition, which Appellant filed in 2015, he raised allegations that the Assistant District Attorney knowingly presented false testimony. Therefore, Appellant cannot demonstrate that this claim is "newly-discovered"

or that it was raised within one year of its discovery. *See id.*; 42 Pa.C.S.A. § 9545(b)(2).

Appellant's allegations that his initial PCRA counsel was ineffective for not raising claims related to the Assistant District Attorney's misconduct similarly do not satisfy any PCRA time-bar exception. Although Appellant alleges that he filed his petition within one year of seeing the CNN story and learning about first PCRA counsel's ineffectiveness in another case, Appellant draws no connection between the case discussed in the news story and his own case. To the extent that Appellant claims counsel was ineffective for failing to litigate claims concerning the Assistant District Attorney's misconduct, Appellant could have challenged first PCRA counsel's effectiveness in his second PCRA petition, as Appellant was aware of prior PCRA counsel's representation and any related deficiencies at that time. *See Reeves, supra*. Accordingly, Appellant's petition remains time-barred, and we affirm the order dismissing his petition as untimely.[4]

Order affirmed.

_____

[4] To the extent that Appellant insists that he did not receive the court's Rule 907 notice of intent to dismiss, we note that the certificate of service attached to the June 21, 2024 notice indicates that Appellant was served via certified mail. Even if he did not receive the initial notice of intent to dismiss, the court issued a second notice of intent to dismiss on August 13, 2024, which Appellant received and to which he filed a response. Moreover, the failure to issue a proper notice of intent to dismiss is not reversible error where a PCRA petition is untimely. *See Commonwealth v. Pridgen*, 305 A.3d 97 (Pa.Super. 2023), *appeal denied*, ____ Pa. ____, 318 A.3d 97 (2024). Thus, Appellant is not entitled to relief based on any deficient notice.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2025