J-S46035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN D. VINCENT | : | |
| | : | |
| Appellant | : | No. 772 WDA 2025 |

Appeal from the PCRA Order Entered September 19, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000517-2010

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: May 28, 2026**

Appellant, Glenn D. Vincent, appeals *pro se* from the order entered in the McKean County Court of Common Pleas, which denied his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On July 20, 2011, a jury convicted Appellant of two counts each of rape, involuntary deviate sexual intercourse, and indecent assault, and one count each of rape of a child less than 13 years old, aggravated indecent assault of a child, sexual assault, and simple assault, and four counts of persons not to possess firearms. The court initially sentenced Appellant on April 25, 2012, to an aggregate term of 60 to 120 years' imprisonment, but following consideration of Appellant's post-sentence motion, the court amended the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

sentence on June 5, 2012, to an aggregate term of 40 to 80 years' imprisonment. On March 22, 2013, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Vincent*, No. 1061 WDA 2012 (Pa.Super. filed Mar. 22, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

In 2022, Appellant filed his first PCRA petition *pro se*. On November 29, 2022, the court appointed counsel. On February 2, 2023, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. The court formally denied PCRA relief on March 23, 2023. Appellant did not appeal that decision.[2]

On June 11, 2024, Appellant filed the current second PCRA petition *pro se*. On June 19, 2024, the court appointed counsel. On July 23, 2024, counsel filed a motion to withdraw and no-merit letter. By order and opinion dated August 23, 2024 and filed on August 26, 2024, the court granted counsel's request to withdraw and issued Rule 907 notice based on the untimeliness of the petition.[3] The court denied PCRA relief on September 19, 2024.

On October 2, 2024, Appellant timely filed a notice of appeal. In the notice of appeal, Appellant asserted that he had not received a copy of the

---

[2] Appellant subsequently filed two petitions for leave to file an appeal *nunc pro tunc*, which the PCRA court denied on March 8, 2024.

[3] The PCRA court explained that Appellant's petition was untimely with no exception to the time-bar met. Although Appellant had raised claims of ineffective assistance of counsel, the court explained that such claims do not satisfy the governmental interference exception to the time-bar. (*See* Rule 907 Notice Opinion, filed 8/26/24, at 2).

court's Rule 907 notice opinion. While the appeal was pending, by order dated October 8, 2024 and filed October 9, 2024, the PCRA court purported to vacate the September 19, 2024 order denying PCRA relief. The order further provided Appellant 20 days to respond to the court's August 26, 2024 Rule 907 notice opinion. Appellant then filed a *pro se* response on October 28, 2024, and the court purported to formally deny PCRA relief on December 30, 2024. On January 16, 2025, Appellant filed a petition for extension of time to file an appeal from the court's December 30, 2024 order, which the PCRA court denied on January 29, 2025. On February 10, 2025, Appellant filed a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> Whether the McKean County Clerk of Courts clerical errors in mailing Appellant a notice to dismiss and opinion, docketed August 23, 2024 to the wrong address, with the envelope marked as undeliverable, and a copy of the letter attached as exhibit A in the 1925(b) filed by Appellant, prejudiced Appellant in filing a timely appeal.
>
> Whether the McKean County Clerk of Courts erred in stating in the order dated January 29, 2025, "That the defendant has received our prior opinion explaining why the PCRA petition was dismissed, again it was attached to the October 8, 2024 order," even though Appellant avers that he never received an opinion that was attached to the order and attached a copy of the received mailings from the court, attached as exhibit B in the 1925(b) filing.
>
> Whether the McKean County Court of Common Pleas prejudiced Appellant by first asserting that Appellant received the opinion and order dated December 30, 2024, then prejudiced Appellant by stating in opinion and order

- 3 -

dated January 29, 2025, that the court admits that the December 30, 2024 order was sent to Appellant without an opinion attached.

Whether the McKean County Court of Common Pleas violated Appellant's Fourteenth Amendment right to due process, by continually not providing Appellant with opinions and documents needed to adequately further any appeals.

Whether the McKean County Court of Common Pleas erred by stating "that it did not have the legal authority to grant Appellant's request to enlarge the period of time to file an appeal," thus prejudicing Appellant in filing an appeal….

Whether the McKean County Court of Common Pleas erred when it granted Appellant 20 days to file an objection to the dismissal without a hearing, of the order dated September 2024, yet according to Pa.R.Crim.P. 930(a), "in a criminal case a notice of appeal must be filed within 30 days of when an order is docketed…."

(Appellant's Brief at 9-12).[4]

Appellant argues that he was denied an opportunity to litigate and raise issues on appeal because he never received the PCRA court's Rule 907 notice opinion dated August 23, 2024. Appellant contends that the Rule 907 notice opinion was returned to the court as undeliverable. Appellant claims that he cannot discern the PCRA court's reasoning for denying Appellant's petition without a hearing in the absence of an opinion explaining the court's rationale.

_____

[4] Notwithstanding the multiple issues presented on appeal, we observe that Appellant provides only a single argument section on appeal in derogation of our rules of appellate procedure. *See* Pa.R.A.P. 2119(a) (explaining that argument shall be divided into as many parts as there are questions to be argued and shall have at head of each part, in distinctive type or distinctively displayed, particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent).

Appellant appears to acknowledge that the PCRA's timeliness requirements are jurisdictional and the PCRA court cannot address the merits of an untimely petition, but he does not plead or attempt to prove any of the timeliness exceptions to the PCRA's time-bar. (***See id.*** at 24-26). Appellant concludes this Court should award him relief in the form of (1) an evidentiary hearing; (2) a determination that Appellant's prior PCRA counsel were both ineffective; and (3) sentence reductions/modification. (***Id.*** at 27).[5] We disagree that relief is due.

As a preliminary matter, we observe that Pennsylvania Rule of Appellate Procedure 1701 provides:

> **Rule 1701. Effect of Appeal Generally**
>
> **(a) General rule.**—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or other government unit after appeal.**—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> (1) Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the

---

[5] We note that Appellant also appears to be challenging both the September 19, 2024 order denying relief, as well as the court's January 29, 2025 order denying his petition for extension of time to file an appeal from the court's December 30, 2024 order denying PCRA relief. Nevertheless, the instant appeal filed on October 2, 2024 lies only from the court's September 19, 2024 order. Further, as we explain ***infra***, the court's December 30, 2024 and January 29, 2025 orders are legal nullities.

matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i)    an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii)    an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a *praecipe* with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

(4) Authorize the taking of depositions or the preservation

of testimony where required in the interest of justice.

(5) Take any action directed or authorized by an appellate court.

(6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(a)-(b).

Instantly, the PCRA court explained its rationale for purporting to vacate the September 19, 2024 order as follows:

On August 23, 2024, we issued an Opinion and Order in which we found that the Defendant/Appellant was not entitled to relief regarding his Second [PCRA] as his Petition was untimely. Attached to the August 23, 2024 Opinion was the required Notice that [Appellant] "**has 20 days to respond to the court's issuance of this Opinion and Notice and to request reconsideration.**" [Appellant] did not file a request for reconsideration; and, an Order was issued on September 19, 2024 that dismissed [Appellant's] Second PCRA Petition. [Appellant] then filed a Notice of Appeal with the Superior Court, which was forwarded by the Superior Court to the McKean County Clerk of Courts.

In his Notice of Appeal[, Appellant] asserted that he never received this court's August 23, 2024 Opinion and Order, and the attached Notice. The McKean County Clerk of [Courts] verified that there had been issues with defendants in State Correctional Facilities, including [Appellant], receiving material sent to them by the McKean County Clerk's Office; and, there was no verification that [Appellant] had received our August 23, 2024 Opinion and Order, and attached Notice.[6] Therefore, an Order was

_____

[6] We observe that there is a Post-it note attached to the court's Rule 907 notice in the certified record that states: "With a lot of staff turnover the defendant did not receive this Order & Notice due to the envelope was not

*(Footnote Continued Next Page)*

- 7 -

issued on October 8, 2024 that vacated our September 19, 2024 Order and granted [Appellant] an additional 20 days to file a request for reconsideration of our holding that his Second PCRA Petition should be dismissed without a hearing. The [c]ourt ordered the McKean County Clerk of Courts to send a copy of the October 8, 2024 [order and opinion] to [Appellant], certified mail. Verification was subsequently provided by the McKean County Clerk of Courts that the October 8, 2024 Order and the August 23, 2024 Opinion and Order were sent certified mail to [Appellant] and that he had signed for and received them. [Appellant] did not file a request for reconsideration, and, therefore, on December [30], 2024 an Order was issued dismissing his Second PCRA Petition.

After the December 30, 2024 Order was filed [Appellant] filed a "Petition for Extension of Time to File an Appeal." He asserted that he still had not received a copy of the August 23, 2024 Opinion and Order and he needed additional time to file his appeal. On January 29, 2025 we issued an Opinion and Order denying [Appellant's] Petition. We found that 1) according to the verification from the Clerk of Courts for McKean County, [Appellant] had received the August 23, 2024 Opinion and Order; and, 2) even if he had not, this court did not have the authority to extend the time period for him to initiate an appeal.

(PCRA Court Opinion, filed 4/24/25, at 1-2) (emphasis in original).

Notwithstanding the PCRA court's good intentions to allow Appellant an opportunity to respond to the Rule 907 notice, the court lacked jurisdiction to proceed further in the case once Appellant filed the October 2, 2024 notice of appeal. *See* Pa.R.A.P. 1701(a). Notably, none of the exceptions to this

---

made out to the defendant correctly so he did not receive these Orders within a timely fashion to be able to respond on time." It is unclear from the record who authored this note. However, based on other Post-it notes that appear in the record with similar handwriting, the record suggests someone in court personnel (and not Appellant) drafted this Post-it note.

general rule outlined in Rule 1701(b) is applicable here. *See* Pa.R.A.P. 1701(b). Although subsection (b)(3) explains that a "timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal…theretofore…filed or docketed with respect to the prior order[,]" the PCRA court's order dated October 8, 2024 did not "grant reconsideration" to invoke that exception, because Appellant had not filed an application for reconsideration of the order. Rather, Appellant filed only a notice of appeal, asserting that he had not received the court's Rule 907 notice. After verifying this assertion with the McKean County Clerk of Courts, the PCRA court purported to correct this error by vacating the September 19, 2024 order denying PCRA relief. Nevertheless, the PCRA court had no authority to do so, and the court's October 8, 2024 order and various filings that occurred thereafter are considered legal nullities. ***See generally Commonwealth v. Tinson***, No. 446 WDA 2023 (Pa.Super. filed May 10, 2024) (unpublished memorandum)[7] (explaining that where court lacked jurisdiction to enter order, such order and those entered thereafter constitute legal nullities).

Consequently, we must consider the propriety of the PCRA court's September 19, 2024 order denying PCRA relief, where Appellant had not received the court's prior issuance of Rule 907 notice. Significantly, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v.***

---

[7] ***See*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

*Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Further, a petitioner must raise his proffered exception within the statutory window. *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, this Court affirmed Appellant's judgment of sentence on March 22, 2013. Appellant did not file a petition for allowance of appeal. Thus, his judgment of sentence became final on April 21, 2013, at the conclusion of the time in which to file a petition for allowance of appeal. 42 Pa.C.S.A. § 9545(b)(3). *See also* Pa.R.A.P. 1113(a) (allowing 30 days to file petition for allowance of appeal). Appellant had one year thereafter to file a timely PCRA petition. Appellant's current second PCRA petition, filed on June 11, 2024, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Notably, Appellant does not attempt to invoke any of the exceptions to the PCRA's timeliness requirements on appeal. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Instead, Appellant continues to complain that he did not receive the court's Rule 907 notice opinion, and the court's failure to do so precluded the denial of PCRA relief.

Appellant is mistaken. Rule 907 provides, in relevant part, that if "the judge is satisfied…that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice of the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1). The defendant has 20 days to respond to the notice, and the judge thereafter "shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." *Id.* Nevertheless, the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa.Super. 2016). Indeed, "[i]f the petitioner cannot establish that he was prejudiced by the defective procedure, no relief is warranted." *Commonwealth v. Pridgen*, 305 A.3d 97, 102 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 318 A.3d 97 (2024).

Although Appellant had not received Rule 907 notice at the time the court entered the September 19, 2024 order formally denying PCRA relief, this did not constitute reversible error where the PCRA petition was untimely without exception. *See Zeigler, supra*. Significantly, Appellant has not asserted any time-bar exception on appeal or challenged the court's conclusions that he did not satisfy any of the time-bar exceptions. Thus, Appellant cannot establish that he was prejudiced by any defect in service of

the Rule 907 notice.  **See Pridgen, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  5/28/2026